GEORGE W. TORREY *vs.* HEPSEBETH FENTON.

Suffolk. Nov. 15, 1880. — Feb. 17, 1881. LORD & SOULE, JJ., absent.

In an action upon a promissory note secured by a mortgage of real estate, which had been sold under a power in the mortgage, the answer admitted the making of the note, denied the other allegations of the writ and declaration, and alleged that the note had been fully paid from and out of the mortgaged premises and the rents and profits thereof. *Held,* that, under the answer, evidence tending to show that the defendant was prevented from bidding at the sale of the estate by the fraud of the plaintiff, was inadmissible in recoupment of damages.

CONTRACT to recover the balance due upon a promissory note, signed by the defendant, payable to the plaintiff, and secured by a mortgage of real estate. The answer admitted the making of the note, denied the other allegations of the writ and declaration, and alleged that the defendant, at the plaintiff's request and by his procurement, for a valuable consideration paid to him, sold and conveyed the real estate to three persons named, who assumed and agreed to pay the note; that the plaintiff waived all claim against the defendant on the note, and extended the payment of the same by an agreement with said grantees; and that the note had been fully paid from and out of the mortgaged premises and the rents and profits thereof. Trial in the Superior Court, before *Gardner*, J., who directed the jury to return a verdict for the plaintiff; and reported the case for the determination of this court. If the ruling was erroneous, a new trial was to be had; otherwise, judgment on the verdict. The facts appear in the opinion.

*S. J. Thomas*, for the defendant, cited *Harrington* v. *Stratton*, 22 Pick. 510; *Howard* v. *Ames*, 3 Met. 308; *Sawyer* v. *Wiswell*, 9 Allen, 39; *Stacy* v. *Kemp*, 97 Mass. 166.

*N. Morse*, for the plaintiff.

MORTON, J. It appeared at the trial that the defendant gave to the plaintiff the note in suit, secured by a mortgage of real estate. The plaintiff indorsed the note and assigned the mortgage to Otis Norcross and others, who, upon a breach of the conditions, entered and duly sold the estate under the power contained in the mortgage. They applied the proceeds of the sale

towards the payment of the note, and called upon the plaintiff to pay the balance, which he did, and commenced this suit to recover said balance of the defendant. These facts were not disputed, and they entitled the plaintiff to a verdict.

The defendant offered certain evidence, which she contended showed that she was prevented from bidding at the sale by the fraudulent conduct of the plaintiff; and that therefore the estate was sold for less than its value. We need not consider whether there was sufficient evidence of fraud on the part of the plaintiff to entitle the defendant to go to the jury for a recoupment of damages, if it had been properly pleaded. Under the answer of the defendant, this defence was not open to her. All the evidence tending to establish this defence was incompetent. The court therefore properly disregarded it, and rightly directed a verdict for the plaintiff.                 *Judgment on the verdict.*